UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCREDITED SURETY AND CASUALTY COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> UTICA FIRST INSURANCE COMPANY, <br><br> Defendant. | Civil Action No.: 1:24-cv-5583 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Accredited Surety and Casualty Company, Inc. ("Accredited"), by way of its Complaint for Declaratory Judgment against Defendant Utica First Insurance Company ("Utica"), alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. Accredited seeks a declaration that Utica is obligated to defend and indemnify 2090 Amsterdam Owner, LLC ("Amsterdam Owner") in connection with an underlying action asserting claims for injuries allegedly sustained by the underlying plaintiff, Carolyn Harris (the "Claimant"). That lawsuit is captioned *Carolyn Harris v. Ramses Grocery Corp. Asaad A. Alzabidi, Remsis Tabacco 2090 Corp., individually and doing business as Remsis Tabacco and 2090 Amsterdam Owner, LLC.*, and is pending in Supreme Court of the State of New York, County of New York, Index No. 159723/2022 (the "Underlying Action").

## PARTIES

2. Accredited is a Florida corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Orlando, Florida.

3. Utica is a New York corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Oriskany, New York.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. section 1332 and 28 U.S.C. Section 2201

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Utica.

7. Accredited has no other adequate remedy at law.

## BACKGROUND FACTS

8. Prior to the alleged accident in the Underlying Action, Amsterdam Partners, LLC (as Landlord) and Asaad A. Alzabidi d/b/a Ramses Grocery Corp (as Tenant) entered into a Lease dated May 26, 2009, for Store #1 at 2090 Amsterdam Avenue, New York, NY (the "Premises").

9. On May 26, 2009, the Premises was owned by Amsterdam Realty Partners LLC.

10. By deed dated November 5, 2014, the Premises was sold to 2090 Amsterdam Associates LLC ("Amsterdam Associates").

11. By subsequent deed dated February 13, 2020, the Premises was sold to Amsterdam Owner.

12. The Premises is a 5-story mixed-use building with two commercial ground floor spaces, one of which is occupied by Asaad A. Alzabidi d/b/a Ramses Grocery Corp ("Alzabidi" or "Ramses Grocery").

13. The original term of the Lease was from June 1, 2009 until May 31, 2019.

14. On September 24, 2018, Amsterdam Associates (as Landlord and successor in interest to Amsterdam Realty Partners, LLC) and Alzabidi (as Tenant) entered into a Lease Extension and Modification Agreement, which extended the lease term until May 31, 2024.

15. The terms of the Lease provide that the covenants and agreements contained in the Lease shall be binding upon the parties hereto and upon their respective successors, heirs, executors and administrators.

16. The terms of the Lease require that Alzabidi maintain a policy of comprehensive general public liability and property damage insurance with a broad form contractual liability endorsement, under which Amsterdam Owner is named as a certificate holder, and under which the insurer agrees to indemnify Amsterdam Owner against and hold Amsterdam Owner harmless from all cost, expense and/or liability arising out of or based upon any and all claims, accidents, injuries and damages in or about the Premises and areas adjacent thereto.

17. In the Underlying Action the Claimant is alleging that, on or about March 25, 2021, she was injured when she slipped and fell while exiting the Premises due to a "dangerous, oily, greasy, slippery metal ramp condition in the threshold and doorway" at the location. A true copy of the Amended Complaint in the Underlying Action is attached hereto as **Exhibit "A"**.

18. Accredited is defending Amsterdam Owner in connection with the Underlying Action.

19. In the Underlying Action, the Claimant seeks to impose liability on Amsterdam Owner for alleged bodily injury with respect to operations performed by or on behalf of Alzabidi.

**INSURANCE POLICIES**

20. Utica issued a business owner insurance policy to Alzabidi under policy no. BOP 4459273 with effective dates of December 3, 2020 to December 3, 2021 (the "Utica Policy").

21. The Utica Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident, subject to certain terms, conditions, and exclusions.

22. The Utica Policy contains an endorsement entitled "Additional Insured Lessor of Premises," which is subject to a schedule that lists Amsterdam Associates as a designated additional insured (the "AI Endorsement").

23. Amsterdam Associates was Alzabidi's lessor as respects the Premises, until Amsterdam Associates sold the Premises to Amsterdam Owner before the Utica Policy incepted.

24. The parties to the Utica Policy intended to insure Alzabidi's lessor under the AI Endorsement.

25. The Utica Policy parties' failure to identify Amsterdam Owner as the additional insured under the AI Endorsement, when the Utica Policy was in force, was an innocent mistake.

26. The Utica Policy contains a primary and noncontributory endorsement that provides that any such insurance provided under the Utica Policy is primary and non-contributory with any other insurance available to Amsterdam Owner.

27. Accredited issued a commercial general liability insurance policy providing coverage to Amsterdam Owner, under policy no. 1-TPM-NY-17-01264212, with effective dates of February 4, 2021 to February 4, 2022 (the "Accredited Policy").

28. Subject to certain terms, conditions, and exclusions, the Accredited Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

29. The Accredited Policy contains excess "other insurance" provisions which provide that coverage under the Accredited Policy is excess over any other coverage available to Amsterdam Owner where it has been added as an "additional insured."

## TENDER DEMANDS TO UTICA

30. By letters dated March 2, 2023 and May 4, 2023, Accredited tendered the defense, indemnity and additional insured status of Amsterdam Owner to Utica.

31. By letters dated March 13, 2023 and May 11, 2023, Utica wrote to Accredited denying coverage to Amsterdam Owner.

32. To date, Utica refuses to provide a defense, indemnity and additional insured status to Amsterdam Owner under the Utica Policy.

33. Utica has refused to provide "additional insured" coverage to Amsterdam Owner under the Utica Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

34. Accredited repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "33" above as if fully set forth herein.

35. Accredited is entitled to a judgment reforming the Utica Policy to replace Amsterdam Associates with Amsterdam Owner as the additional insured under the AI Endorsement.

36. Amsterdam Owner qualifies as an "additional insured" under the Utica Policy.

37. The coverage provided to Amsterdam Owner under the Utica Policy is primary and non-contributory with any coverage provided by the Accredited Policy.

38. Accordingly, Accredited seeks a declaration that Utica has an obligation to defend and indemnify Amsterdam Owner as an "additional insured" under the Utica Policy from the date of the first tender demand on March 2, 2023; the coverage provided by the Utica Policy to Amsterdam Owner is primary and non-contributory; and the obligation of Accredited to Amsterdam Owner in the Underlying Action is excess to exhaustion and full payment of the limits of the Utica Policy.

39. In addition, Accredited seeks an award at law and in equity against Utica for recovery of all sums Accredited has paid and continues to pay in the defense of Amsterdam Owner in the Underlying Action because the coverage provided by the Utica Policy is primary to any coverage provided by Accredited.

**WHEREFORE**, Accredited respectfully requests that this Court issue judgment as follows:

1. Reforming the Utica Policy to include Amsterdam Owner as an additional insured under the AI Endorsement;

2. Declaring that Amsterdam Owner is an "additional insured" under the Utica Policy to whom Utica owes coverage with respect to the Underlying Action;

3. Declaring that Utica has a duty to defend Amsterdam Owner in the Underlying Action up to and including the respective policy limits of the Utica Policy;

4. Declaring that Utica has a duty to indemnify Amsterdam Owner in the Underlying Action up to and including the respective policy limits of the Utica Policy;

5. Declaring that the coverage owed by Utica to Amsterdam Owner with respect to the Underlying Action is primary to any coverage provided by Accredited to Amsterdam Owner;

6. Declaring that the obligations of Utica to Amsterdam Owner with respect to the Underlying Action are primary to any obligations of Accredited to Amsterdam Owner;

7. Declaring that the obligations of Accredited to Amsterdam Owner in the Underlying Action is excess to exhaustion and full payment of the respective limits of the Utica Policy by means of a verdict, judgment, or settlement;

8. Awarding judgment against Utica in an amount equal to the sums that Accredited incurred and continues to incur in defending the claims against Amsterdam Owner in the Underlying Action, from March 2, 2023 and ongoing;

9. Awarding judgment against Utica in an amount equal to any sums that Accredited may incur to resolve the claims and indemnify Amsterdam Owner in the Underlying Action;

10. Granting an award in favor of Accredited for the costs of suit incurred herein; and

11. Granting such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Accredited demands trial by jury in this action of all issues so triable.

Dated: New York, New York
July 24, 2024

                                         HINSHAW & CULBERTSON LLP

                              By:   /s/ Vitaly Vilenchik
                                         J. Gregory Lahr
                                         Vitaly Vilenchik
                                         800 Third Avenue, 13th Floor
                                         New York, New York 10022
                                         Telephone: (212) 655-3802
                                         Facsimile: (212) 935-1166
                                         glahr@hinshawlaw.com
                                         vvilenchik@hinshawlaw.com
                                         *Attorneys for Plaintiff Accredited Surety and Casualty Company, Inc*