UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCREDITED SURETY AND CASUALTY COMPANY, INC.,<br><br>                             Plaintiff,<br><br>        -against-<br><br>UTICA FIRST INSURANCE CO.,<br><br>                            Defendant. | 24-cv-5583 (AS)<br><br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

This is an insurance-coverage dispute between Accredited and Utica. In the underlying state-court case, the plaintiff, Carolyn Harris, sued a building owner ("Amsterdam Owner") and its tenant ("Ramses") for injuries she sustained when she fell on a ramp at the building. Accredited is Amsterdam Owner's insurer, and says that its client is entitled to additional-insured coverage under a policy that Ramses had with Utica. Specifically, Accredited argues that Utica has a duty to defend and indemnify Amsterdam Owner in the state-court case, and should be required to pay Amsterdam Owner's reasonable attorneys' fees incurred from the date of Accredited's tender of coverage to Utica—March 2, 2023—to the present.

The Court agrees. For the reasons below, Accredited's motion for summary judgment is GRANTED as to Utica's duty to defend Amsterdam Owner, and to reimburse Amsterdam Owner's reasonable fees from March 2, 2023 to the present date. The motion is otherwise denied. The parties should meet and confer, and within 28 days of this order, the parties should either inform the Court that they have settled this case, or they should advise the Court what they believe the next steps should be.

## LEGAL STANDARDS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if a reasonable jury could find for either side. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a fact is "material" if it could "affect the outcome." *Id.* The Court views the record "in the light most favorable to the non-movant." *Williams v. MTA Bus Co.*, 44 F.4th 115, 126 (2d Cir. 2022) (cleaned up). But if the non-movant will bear the burden of proof on an issue at trial, it must point to some evidence supporting the "essential element[s]" of its position. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## DISCUSSION

### I.    The Utica Policy should be reformed to identify Amsterdam Owner as an Additional Insured

The Utica policy has an additional-insured provision, which covers "each person or organization shown in the Schedule as an additional insured." Dkt. 32 ¶ 7. However, in what Accredited bills as a snafu, the Schedule lists the building's prior owner, "2090 Amsterdam Associates LLC c/o Noam Corp.," not the current owner, "2090 Amsterdam Owner, LLC," that is, Amsterdam Owner. *Id.* ¶ 8. In support of its motion, Accredited relies on the declaration of Scott Berman, the managing agent of both the prior owner of the building and Amsterdam Owner. Dkt. 27. Berman says that Ramses's original lease required it to maintain insurance covering the landlord, and that its obligations inured to the benefit of any successors. *Id.* ¶¶ 8–10; Dkt. 32 ¶¶ 14–16. Utica doesn't dispute any of these assertions. Dkt. 32. There is no evidence of a written assignment of the lease to Amsterdam Owner, but Utica doesn't dispute that Amsterdam Owner was in fact the landlord during the time of the accident. *Id.* ¶ 22.

Given all of this, this case is almost indistinguishable from *Wesco Ins. Co. v. Fulmont Mut. Ins. Co.*, 188 N.Y.S.3d 468 (1st Dep't 2023). In that case, as in this one, a tenant maintained a commercial general liability insurance policy and listed the building's then-owner, 501 West, as an additional insured. *Id.* at 469–70. When the building was conveyed to a new owner, Beyond, "[t]he additional insured endorsement in the policy maintained by the tenant . . . was not updated to reflect this change in ownership. As such, although the policy remained in effect with additional insured coverage, 501 West, the former owner, was still listed as the additional insured, not Beyond." *Id.* at 469–70.

The *Wesco* court easily concluded that the trial court properly granted the plaintiff's motion to "reform the insurance policy to merely replace the prior owner with Beyond as the additional insured. The underlying circumstances clearly establish that the . . . insurance policy always extended coverage to the building and its owner as additional insureds. Thus, under these circumstances, the fact that the endorsement was never updated by the tenant to reflect a mere change in ownership is of no moment. The name of the insured in the policy is not dispositive if the intent to cover the risk, as here, is clear." *Id.* at 470.

Utica doesn't mention *Wesco* in its brief. Instead, the only case that Utica points to is *Loomis v. ACE American Insurance Company*, 91 F.4th 565 (2d Cir. 2024). Dkt. 33 at 3–4. But the facts of that case, which involved underinsured motorist coverage, are totally different than this one, and Utica doesn't suggest otherwise. *Loomis* does set forth the general principle that "[i]n New York, insurance policies are reformed only when there is evidence of fraud or mutual mistake," *id.* at 573, but it's clear that there was a mutual mistake here. For its part, Ramses plainly made a mistake in not identifying its current landlord in the schedule. Utica suggests that there's a factual dispute about "what Ramses did or didn't do or know or didn't know about the insurance coverage at issue." Dkt. 33 at 4. It argues that there is a question of whether Ramses knew who the landlord was exactly and what it was supposed to do under its lease. But no one disputes the terms of the

lease, nor that the party identified in the Utica schedule was in fact Ramses's landlord, just the old one. So Utica's argument boils down to whether Ramses's error was just a small mistake (listing the old landlord and failing to update things when the landlord changed) or a big one (not knowing that the lessor had even changed and/or that the schedule needed to be updated). But whether small or big, it's still a mistake. For Utica's part, it's clear that it intended for Ramses to have identified the current landlord. Utica doesn't argue otherwise. Nor could it. The additional-insured provision is literally titled "Additional Insured *Lessor of Premises*," and applies only to the landlord at the time of a covered incident, identified by "the person or organization shown in the Schedule." Dkts. 32 ¶ 7 (emphasis added); 25-1 at 51. (Notably, in *Wesco*, the First Department didn't even inquire as to the circumstances of the mistake, or whether it was mutual, before concluding that the policy should be reformed to list the current building owner.)

Here, the failure to list the current landlord was plainly a mistake on everyone's part, and consistent with *Wesco*, "the intent to cover the risk . . . is clear." *Wesco*, 188 N.Y.S.3d at 470. The contract should be reformed to name Amsterdam Owner as an additional insured.

Based on this holding, the Court doesn't address whether the "Supplemental Payments" coverage would independently create a duty to defend because the additional-insured endorsement indisputably leads to that same result; no party argues that both issues must be addressed or that the endorsement obligation would be narrower. If this is incorrect, the parties may file a letter with the Court explaining if anything more needs to be done here.

## II.    Accredited's request for indemnification is premature

Given the Court's holding that the Utica policy should be reformed to name Amsterdam Owner as an additional insured, the only remaining issue to address is whether Utica has not only a duty to defend Amsterdam Owner, but also a duty to indemnify it for damages it might pay in the underlying state-court case. (Utica does not dispute that coverage under its policy is primary to coverage under Accredited's policy, nor does it dispute that if Amsterdam Owner is an additional insured, Utica must reimburse Amsterdam Owner for its reasonable fees incurred from the date of tender, March 2, 2023.)

"[C]ourts generally decline to resolve claims for indemnification, where such a finding would be premature with a final judgment not having been reached." *Ohio Sec. Ins. Co. v. Accident Fund Ins. Co.*, 2026 WL 32849, at *12 (S.D.N.Y. Jan. 6, 2026) (citing authorities). There is no reason to depart from this principle here, although it seems likely that if the plaintiff wins her case in state court, the indemnification obligation will be triggered. Utica observes that Amsterdam Owner has been sued for its own negligence by the plaintiff in the state-court action. Not knowing anything else, that means that there's at least a chance that some or all of Amsterdam Owner's liability might not be subject to indemnification by Utica. On the other hand, Utica notes that the plaintiff alleges that she was injured by a ramp that no one disputes was installed by Ramses. Dkt. 32 ¶¶ 24–26. But still, the facts haven't yet shaken out in the state-court case, and this Court declines to prejudge what the record will look like at the end of the day.

3

Consistent with the majority of cases in this circuit, the Court denies Accredited's motion for summary judgment as to indemnity, without prejudice to reinstatement after a final judgment or settlement is reached in the state court.

## CONCLUSION

The Court GRANTS summary judgment to Accredited as to Utica's duty to defend Amsterdam Owner, and to reimburse Amsterdam Owner's reasonable fees from March 2, 2023 to the present date. The motion is otherwise denied.

The parties are ordered to meet and confer. Within 28 days, the parties should either inform the Court that the action has been settled, or indicate what the next steps should be in this case.

The Clerk of Court is directed to terminate Dkt. 24.

SO ORDERED.

Dated: March 24, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge